JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA C. MARTINEZ, | NO. CV 08-08380 SJO (Ex) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT** |
| v. | [Docket No. 13] |
| RITE AID CORPORATION, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Maria C. Martinez's Motion for Order Remanding Case to State Court, filed December 29, 2008. Defendants Rite Aid Corporation ("Rite Aid") and Brad Lohman, (collectively, "Defendants") filed an Opposition, to which Martinez replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 26, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is GRANTED.

I.   <u>BACKGROUND</u>

Martinez worked for Rite Aid as a pharmacy technician from 1983 to 2007, when Rite Aid terminated her employment. (Compl. ¶¶ 6, 20.) Beginning in 2003, Martinez allegedly experienced workplace harassment at Rite Aid. (Compl. ¶ 7.) Some of Martinez's allegations include Rite Aid denying her request of leave following a death in her family, harassment by

1  managers such as inappropriate touching and remarks by manager Lohman, and write-ups for
2  errors she allegedly did not make.  (Compl. ¶¶ 7-19.)

3       In November 2008, Martinez, a California citizen, filed suit in state court alleging claims
4  under California state law for wrongful termination against Rite Aid and intentional infliction of
5  emotional distress against Defendants.  Defendants removed the action to this Court on the basis
6  of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Rite Aid is incorporated
7  in Delaware and has its principal place of business in Pennsylvania, while Lohman, like Martinez,
8  is a California citizen.  Defendants allege that diversity exists because Lohman was fraudulently
9  joined.  Martinez now moves to remand the case to state court based on a lack of complete
10  diversity.

11  II.   DISCUSSION

12       In considering whether removal is proper, the Court is informed by two basic principles.
13  First, the party seeking removal has the burden of establishing federal jurisdiction.  *Westinghouse*
14  *Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993).  Second, statutes
15  authorizing removal are to be strictly construed, with all doubts resolved against removal and in
16  favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).  This presumption against
17  removal is consistent with the notion that federal courts are courts of limited jurisdiction,
18  possessing "only that power authorized by the Constitution and statute."  *Kokkonen v. Guardian*
19  *Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

20       A district court has diversity jurisdiction over any civil action between citizens of different
21  states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  A federal court may
22  disregard a non-diverse party named in the state court action if the court determines that the non-
23  diverse party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been
24  stated against that party.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).
25  Defendants claiming fraudulent joinder face a "heavy burden of demonstrating that there is no
26  possibility that plaintiffs will be able to prevail on the merits of their claims in state court."  *Aaron*
27  *v. Merck & Co.*, No. 05-4073, 2005 U.S. Dist. LEXIS 40745, at *8 (C.D. Cal. July 26, 2005).  To
28  meet this burden, a defendant must show that the plaintiff has failed to state a cause of action

1  against the non-diverse defendant, and that the failure is obvious under settled state law.  *Morris*,

2  236 F.3d at 1067.

3  "In assessing whether joinder is fraudulent, the court must resolve all disputed questions

4  of fact, and all ambiguities in controlling state law, in favor of the non-removing party.  All doubts

5  concerning the sufficiency of a cause of action because of inartful, ambiguous, or technically

6  defective pleading must also be resolved in favor of remand, and a lack of clear precedent

7  supporting a claim will not render the joinder fraudulent."  *Berger v. Devereaux*, No. 08-02318,

8  2008 U.S. Dist. LEXIS 51816, at *10 (C.D. Cal. June 6, 2008).  Likewise, "a claim of fraudulent

9  joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of

10  action against the in-state defendant.  The standard is not whether plaintiffs will actually or even

11  probably prevail on the merits, but whether there is a possibility that they may do so."  *Tanoh v.*

12  *AMVAC Chem. Corp.*, No. 06-0738, 2008 U.S. Dist. LEXIS 102958, at *8-9 (C.D. Cal. Oct. 21,

13  2008).

14  In the instant action, Martinez alleges a claim of intentional infliction of emotional distress

15  ("IIED") against Lohman.  To prevail on this claim, Martinez must show "(1) extreme and

16  outrageous conduct by the defendant with the intention of causing, or reckless disregard of the

17  probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional

18  distress; and (3) actual and proximate causation of the emotional distress by the defendant's

19  outrageous conduct."  *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).  Martinez

20  alleges a number of Lohman's actions as the basis of her IIED claim, including: (1) Lohman

21  touched her inappropriately while shopping in a Rite Aid store; (2) when Lohman became

22  Martinez's manger, he threatened her by saying he knew she was a problem and he was "going

23  to take care of it; and (3) Lohman engaged in discriminatory, retaliatory, and harassing actions

24  against Martinez because of her age and disability.  (Compl. ¶¶ 13, 15, 31.)

25  While Defendants make strong arguments that Lohman's conduct does not rise to the level

26  of extreme or outrageous within the meaning of an IIED claim, it still does not foreclose the

27  possibility that she may prevail on the merits.  "The standard is not whether plaintiffs will actually

28  or even probably prevail on the merits, but whether there is a possibility that they may do so."

*Tanoh*, 2008 U.S. Dist. LEXIS 102958, at *8-9. Accordingly, after resolving all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party, the Court finds that Defendants have not fulfilled their heavy burden of proving that Martinez has no possibility of prevailing on the merits on her IIED claim against Lohman. Accordingly, Martinez's motion to remand is GRANTED.

III.    RULING.

For the foregoing reasons, Plaintiff's Motion for Order Remanding Case to State Court is GRANTED. This matter is hereby remanded to the Superior Court of the State of California for the County of Los Angeles. In addition, because the Court has no subject matter jurisdiction over this action, the Court declines to rule on Lohman's Motion to Dismiss.


IT IS SO ORDERED.


Dated this 26th day of January, 2009.

/S/ S. James Otero

_____

S. JAMES OTERO

UNITED STATES DISTRICT JUDGE